UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES – GENERAL**

| Case No. | 2:25-cv-04786-HDV-MARx | Date | September 2, 2025 |
|---|---|---|---|
| Title | *Xiao Jian Sun et al. v. Bank of America Corporation et al.* | | |

| Present: The Honorable | Hernán D. Vera, United States District Judge |
|---|---|

| Wendy Hernandez | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| Not Present | Not Present |

**Proceedings:** **(IN CHAMBERS) ORDER DENYING PLAINTIFFS' MOTION TO REMAND CASE BACK TO STATE COURT [9]**

Plaintiffs Xiao Jian Sun and Qiu Ping Cui filed this action against Defendants Bank of America and Wells Fargo in Los Angeles Superior Court in April 2025 alleging that Defendants failed to protect their accounts from unauthorized transactions, resulting in damages of at least $430,000. On May 27, 2025, Defendants removed the action to this Court based on diversity jurisdiction.

Before the Court is Plaintiffs' Motion to Remand (the "Motion"). [Dkt. 9]. Plaintiffs aver that remand is appropriate because (1) Defendant Wells Fargo is a citizen of California, thereby defeating diversity, and (2) Defendants' removal was untimely. The Court disagrees.

First, the Ninth Circuit has unequivocally held that "Wells Fargo is a citizen only of South Dakota, where its main office is located." *Rouse v. Wachovia Mortg., FSB*, 747 F.3d 707, 715 (9th Cir. 2014); *see also Wachovia Bank v. Schmidt*, 546 U.S. 303, 307 (2006) ("[A] national bank, for § 1348 purposes, is a citizen of the State in which its main office, as set forth in its articles of association, is located."). Subsequent district courts explaining and applying this 2014 decision have again clarified that Wells Fargo is considered *only* a citizen of that state. *See, e.g.*, *Ramirez v. Wells Fargo Bank, N.A.*, No. CV-15-08909-BRO-JPRx, 2016 WL 74386, at *3 (C.D. Cal. Jan. 6, 2016); *Ogamba v. Wells Fargo Bank, N.A.*, No. 2:17-cv-01754-KJM-AC, 2017 WL 4251124, at *2 (E.D. Cal. Sept. 26, 2017). Plaintiffs rely instead on caselaw pre-dating *Rouse*, specifically *Taheny v. Wells Fargo Bank, N.A.*, 878 F. Supp. 2d 1093 (E.D. Cal. 2012), which found that Wells Fargo was a citizen of both California and South Dakota. But Plaintiffs cannot

point to any post-*Rouse* decision that supports its position.  Simply put, Plaintiffs' position is directly at odds with the Ninth Circuit's holding in *Rouse* and therefore cannot be the basis for destroying diversity here.

Second, the Court rejects Plaintiffs' challenge to the timeliness of the removal.  Plaintiffs' argument is based on a misunderstanding of how court deadlines are calculated under the Federal Rules of Civil Procedure.  Defendants had thirty days to file a notice of removal after they were served with the complaint.  28 U.S.C. § 1446(b)(1).  Bank of America was served on April 23 and Wells Fargo on April 24; both sides agree the thirty-day period fell on Saturday, May 24.  From this fact, Plaintiffs erroneously conclude that the removal deadline should have been the *preceding* day—*i.e.*, Friday, May 23.  Not so.  Because the thirty-days landed on a Saturday, the removal deadline was the *next court day* following the weekend and Memorial Day—*i.e.*, May 27.  *See* Fed. R. Civ. P. 6(a)(1)(C) ("When the period is stated in days or a longer unit of time . . . include the last day of the period, but if the last day is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday.").  That is when the removal notice was filed.

For the foregoing reasons, Plaintiffs' Motion to Remand is denied.

**IT IS SO ORDERED.**